# JOHN HADDOCK v. STATE.

No. A-7791. Opinion Filed April 18, 1931.
(298 Pac. 304.)

Kenneth B. Kienzle, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Pottawatomie county of the crime of grand larceny, and his punishment fixed by the court at imprisonment in the state penitentiary for 2½ years.

The evidence of the state was that on June 30, 1929, defendant employed certain parties with trucks and caused to be hauled from the Wallace lease $4,000 worth of pipe, the property of the Skelley Oil Company. Three truck loads of this pipe were hauled to the railroad station at Harjo, where the men in charge of the trucks were arrested. That defendant on the preceding day had arranged with the station agent for a car to ship this pipe to Pampa, Tex. When the truckmen were arrested they told who hired them to haul the pipe. The defendant was arrested that night. After his arrest he refused to inform the county attorney whom he was taking this pipe for and

with whom he was working, and refused to disclose his associates. The superintendent in charge of the Skelley Oil Company property testified that the pipe was taken without the consent of the company.

The defendant testified that he was working for one Mr. Michaelson of Wewoka, and that Michaelson told him he had bought the pipe and he was merely attending to the shipment for him.

Defendant contends first that the court erred in overruling his motion for a continuance.

The record discloses that defendant's counsel dictated the following motion into the record:

"Mr. Kienzle: Comes now the defendant at this time and moves the court to continue this case and grant a continuance to the defendant, for the reason that the defendant has diligently attempted to secure his witnesses, and has located two of these witnesses in the state of Oklahoma and can have them here for trial if he is given a reasonable continuance, and the defendant in support of this motion offers to introduce testimony to that effect; that he has been diligent in attempting to secure these witnesses, and can secure them if he is given time in which to do so, and that he cannot safely proceed to trial at this time because of the absence of these material witnesses, and that their testimony cannot be furnished by any other witnesses, and that the testimony of these witnesses is material and if admitted by the state would acquit the defendant."

This motion was overruled by the trial court.

This motion was insufficient under sections 584 and 2654, C. O. S. 1921, and the court did not err in overruling the same.

Defendant next contends that the court erred in permitting the witness Mercer to testify to hearsay evidence

when the records of the company could have been easily obtained.

This witness testified that he was field superintendent for the Skelley Oil Company in charge of this property; that the stolen property was located in section 17—8—5 and consisted of 2,000 feet of 6⅝-inch pipe and 1,600 or 1,700 feet of 8¼-inch pipe; that all of the 6⅝-inch pipe was taken and most of the 8¼-inch pipe; that this property was located in Pottawatomie county and was of the value of from $3,000 to $3,500.

On cross-examination the witness admitted that he had records of the company showing these facts, but did not have the records with him. Then defendant moved to strike the testimony because the records of the company were the best evidence. The trial judge then asked the witness if the value of the pipe exceeded $20, and he answered that it most certainly did.

The material facts in the case were, Did the defendant take, steal, and carry away, without the consent of the Skelley Oil Company, property of said company exceeding the value of $20, with intent to deprive the owner thereof? These facts could all be proved without any reference to the records of the company where they were in the personal knowledge of the witness.

The defendant complains of other errors, but they are all without substantial merit.

The evidence supports the verdict of the jury and the errors of law complained of are not sufficient to require a reversal of the case.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.